UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SPARK ENERGY GAS, LP, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 11-11452-JGD |
| | ) | |
| TOXIKON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANT'S SECOND MOTION TO AMEND**

November 8, 2012

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Spark Energy Gas, LP ("Spark"), provides natural gas services to retail customers, and the defendant, Toxikon Corporation ("Toxikon"), relies on natural gas to operate its facilities in Massachusetts. On May 8, 2007, Spark entered into a fixed-price contract to supply natural gas to Toxikon during the time period from June 1, 2007 through May 31, 2010, and on May 9, 2007, Spark entered into a fixed-price contract to supply natural gas to Toxikon during the time period from June 1, 2010 through May 31, 2012. Both contracts were negotiated and signed by Patriot Energy Group, Inc. ("Patriot") on behalf of Toxikon pursuant to an Appointment of Agent dated May 8, 2007, whereby Toxikon appointed Patriot its agent.

It is undisputed that Toxikon refused to accept the gas under the second contract ("Contract") beginning on or about August 2010, on the grounds that the price charged was excessive based on market rates. Consequently, on February 8, 2011, Spark filed suit against Toxikon in Texas State Court to collect amounts it claims are due under the gas Contract (the "collection case"). Toxikon removed the collection case to federal court in Texas, and then sought to have the case either dismissed or transferred to Massachusetts. Toxikon contends that during the course of jurisdictional discovery in Texas, it learned for the first time that Patriot had failed to disclose that it was the agent for Spark when it agreed to become Toxikon's agent. Toxikon further asserts that if it had known about Patriot's preexisting relationship with Spark, it never would have appointed Patriot as its agent and never would have entered into the Contract with Spark.

Toxikon then brought suit in the Massachusetts Superior Court against Patriot and Spark, alleging, *inter alia*, that Patriot had made intentional misrepresentations and breached its fiduciary duties owed to Toxikon as its agent by failing to disclose its agency relationship with Spark, and seeking rescission of its Appointment of Agent agreement with Patriot and rescission of its Contract with Spark (the "State Court Action"). Following Toxikon's initiation of the State Court Action, the Texas federal court allowed Toxikon's motion to transfer Spark's collection case to Massachusetts. Consequently, Spark is now pursuing the instant collection case against Toxikon in this court while Toxikon is continuing to pursue its claims against Spark and Patriot in the State Court Action.

This matter is presently before the court on the "Defendant's Second Motion to Amend Answer" (Docket No. 58) by which Toxikon is seeking to amend its Answer pursuant to Fed. R. Civ. P. 15. Specifically, by its motion, Toxikon is seeking to clarify and expand upon its affirmative defense alleging that the Contract is unenforceable because Patriot lacked authority to enter into it on Toxikon's behalf. Additionally, Toxikon is seeking to add an affirmative defense challenging the validity of the Contract's damages provision, as well as an affirmative defense alleging that Spark is vicariously liable for Patriot's fraudulent conduct in failing to disclose its preexisting agency relationship with Spark. Spark opposes the motion on the grounds that Toxikon has failed to allege fraud with particularity. Additionally, Spark contends that a recent ruling by the State Court allowing Patriot's motion for summary judgment on all of Toxikon's claims in the State Court Action demonstrates that Toxikon's proposed amendments in this case are futile. For all the reasons described below, this court finds that Spark's arguments are insufficient to preclude Toxikon from amending its Answer. Accordingly, Toxikon's Second Motion to Amend is ALLOWED.

## II. DISCUSSION

The decision whether to grant a motion for leave to amend falls within the trial court's discretion. See Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003). "Leave to amend under Rule 15 is freely given when justice so requires absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive." Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D.

Mass. 2005) (quotations and citation omitted).  In the instant case, Spark has not presented an adequate basis for denying Toxikon's motion.  Therefore, Toxikon is entitled to amend its Answer under the liberal amendment policy prescribed by Fed. R. Civ. P. 15.

### Sufficiency of Fraud Allegations

Spark argues that Toxikon's motion to amend should be denied because the proposed affirmative defense of fraud fails to satisfy the pleading standard set forth in Fed. R. Civ. P. 9.  Under Rule 9(b), parties alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  See also Systemation, Inc. v. Engel Indus., Inc., 183 F.R.D. 49, 52 (D. Mass. 1998) (striking affirmative defense for failure to meet pleading requirements of Rule 9(b)).  "Conclusory allegations are insufficient to satisfy this rule."  OrbusNeich Med. Co., Ltd., BVI v. Boston Scientific Corp., 694 F. Supp. 2d 106, 118 (D. Mass. 2010).  Rather, in order to comply with Rule 9(b), the party claiming fraud "must specify the time, place, and content of the alleged false representation sufficiently to put [the opposing party] on notice and enable them to prepare meaningful responses."  Id.

This court finds that Toxikon's proposed fraud allegations are adequate to meet the requisite pleading requirements.  As Toxikon alleges in its proposed amendment:

> Fraud. The alleged contract upon which plaintiff declares was procured by the fraud of plaintiff's agent, Patriot Energy Group Inc., in the solicitation of Toxikon's business and in the procurement of Toxikon's power of attorney to make contracts on its behalf and in its name.  Specifically, plaintiff's agent aforesaid, for whose conduct

> plaintiff is vicariously liable, did not disclose to Toxikon that it was plaintiff's agent during the solicitation. Nor did plaintiff's agent obtain Toxikon's consent to Patriot Energy Group Inc. acting as dual agent for both Toxikon and this plaintiff. At the time of soliciting Toxikon's business and the making of the contract upon which plaintiff declares, plaintiff's agent, Patriot, owed Toxikon a duty to disclose the material facts of its dual agency and obtain Toxikon's consent thereto, but did not do so. Plaintiff is vicariously liable for such material non-disclosure by Patriot and for the failure to obtain Toxikon's consent to the dual agent who procured the alleged contract. Such conduct, for which this plaintiff is vicariously liable, is fraudulent as to Toxikon under applicable law and bars plaintiff from any remedy or recovery in this action.

(Am. Answer ¶ 31).[1] Thus, Toxikon alleges that Spark is vicariously liable for the conduct of its agent, Patriot, in failing to disclose to Toxikon its relationship with Spark at the time Patriot solicited Toxikon's business and procured the May 8, 2007 Appointment of Agent agreement with Toxikon, and at the time Patriot entered into the Contract with Spark on Toxikon's behalf. These allegations are sufficiently specific to apprise Spark as to the nature of the alleged fraudulent conduct and the circumstances in which the alleged non-disclosures took place. Moreover, in light of the parties' litigation in the State Court Action, which includes a claim against Patriot for intentional misrepresentation based on the same alleged failure to disclose, Toxikon's proposed allegations are more than adequate to provide Spark with notice of the grounds on which its fraud claim rests. See Lindner Dividend Fund, Inc. v. Ernst & Young, 880 F. Supp.

---

[1] Toxikon's proposed Amended Answer is attached to its Second Motion to Amend (Docket No. 58).

49, 56 (D. Mass. 1995) (explaining that one of the main purposes of Rule 9(b) is to provide opposing party with notice as to the basis for the claim of fraud).

The plaintiff nevertheless argues that Toxikon should be required to describe the communications between Spark and Toxikon that tie Spark to the alleged fraudulent conduct, and it contends that the defendant's failure to allege such communications with particularity warrants the denial of its motion. However, as described above, Toxikon's fraud claim is not based on Spark's misrepresentations or omissions. Rather, it is based on Patriot's failure to disclose its status as Spark's agent, and on Spark's vicarious liability, in its alleged capacity as the principal of Patriot, for Patriot's fraudulent conduct. Because Toxikon has described the fraudulent conduct with sufficient detail to satisfy the pleading requirements of Rule 9(b), this court declines to deny Toxikon's motion for failing to allege fraud with particularity.

**Futility**

In addition to its proposed fraud claim, Toxikon is seeking to amend its Answer in order to clarify its affirmative defense of "No Authority" and to assert an affirmative defense of "Unenforceable Penalty." Specifically, by its defense of No Authority, Toxikon claims that the Contract is invalid because Patriot lacked authority to enter into it on Toxikon's behalf. Toxikon proposes to amend this defense in order to allege that Patriot owed Toxikon a duty of utmost loyalty and good faith, which required Patriot to disclose its agency relationship with Spark and to obtain Toxikon's consent to the dual agency. Toxikon also proposes to allege that Patriot's failure to make the requisite

disclosure "eliminates and vitiates any authority Patriot may have had to sign, make or enter into the alleged contract on which this plaintiff declares." (Am. Answer ¶ 26). By its proposed affirmative defense of Unenforceable Penalty, Toxikon asserts that Spark's claims are barred because the Contract provision under which it is claiming damages constitutes an unenforceable penalty clause rather than a liquidated damages clause. (Id. ¶ 29). According to Toxikon, the provision allows for a recovery that has no reasonable relationship to Spark's alleged actual loss. (Id.). Spark contends that these proposed amendments, as well as Toxikon's proposed fraud allegations, should be precluded on the grounds of futility. This court disagrees for the reasons that follow.

The "futility" assessment is governed by the standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). See Transwitch Corp., 377 F. Supp. 2d at 290. Therefore, an amendment will not be deemed futile unless the well-pleaded facts, taken as true and viewed in favor of Toxikon, fail to support a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)). In the instant case, Spark's claim of futility is based on the State Court's August 6, 2012 Memorandum of Decision and Order ("Order") on Patriot's motion for summary judgment. Therein, the State Court allowed Patriot's motion for summary judgment on all of Toxikon's claims against it in the State Court Action, including its claims for breach of fiduciary duty, intentional misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, rescission of the Appointment of Agent

agreement between Patriot and Toxikon, and violation of Mass. Gen. Laws ch. 93A. (See Order).[2] Spark asserts that because Toxikon's proposed amendments in this case are based on the same allegations concerning Patriot's misconduct that Toxikon has alleged in the State Court Action, they "would fail for the same reasons that the Massachusetts court thoroughly sets forth in the order allowing Patriot's Motion for Summary Judgment." (Pl. Opp. Mem. (Docket No. 62) at 2). However, as described above, Toxikon's proposed amendment regarding the Contract's damages provision has nothing to do with Patriot and is entirely unrelated to the issues addressed in the State Court's Order. Therefore, Spark has not shown that Toxikon's Unenforceable Penalty defense is futile. Furthermore, even though Toxikon's proposed allegations regarding Patriot's alleged lack of authority and fraudulent conduct may be the same or similar to Toxikon's claims and allegations against Patriot in the State Court Action, Spark has not shown that the State Court's summary judgment Order is controlling in this action.

Although Spark has not articulated its argument in such terms, the essence of its futility claim is that the State Court's Order should be given preclusive effect so that Toxikon is barred from relitigating claims or issues in this action that have already been decided in the State Court Action. "Massachusetts recognizes two distinct types of preclusion arising out of the maintenance of prior litigation: res judicata (claim

---

[2] The State Court's Order is attached as Exhibit A to Spark's opposition to the motion to amend (Docket No. 62).

preclusion) and collateral estoppel (issue preclusion)."[3] Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 52 (1st Cir. 2008). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843, 832 N.E. 2d 628, 634 (2005) (quotations and citations omitted). The following three elements must be established in order for claim preclusion to apply: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Id. (quotations and citations omitted).

"Similarly, issue preclusion 'prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.'" Id. (quoting Heacock v. Heacock, 402 Mass. 21, 23 n.2, 520 N.E. 2d 151 (1988)). In order for issue preclusion to apply, "a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication." Id. (quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134, 697 N.E. 2d 983 (1998)). "Additionally, the issue decided in the

---

[3] Federal courts must look to Massachusetts law when "considering the preclusive effect of a Massachusetts judgment[.]" Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 30 (1st Cir. 2010).

prior adjudication must have been essential to the earlier judgment." Id. (quoting Tuper, 428 Mass. at 134-35, 697 N.E. 2d 983).

The party asserting claim or issue preclusion "bear[s] the burden of proof on the elements." Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass. App. Ct. 86, 99, 711 N.E. 2d 911, 922 (1999). However, Spark has made no effort to establish that any of the necessary elements have been satisfied, and the limited record before this court indicates that Spark would not be able to make the requisite showing.

As described above, a requirement of both claim preclusion and issue preclusion is a final judgment on the merits in the earlier action. According to Toxikon, however, no final judgment has been entered against it in the State Court Action. (Def. Mot. (Docket 58) at 5). Additionally, Toxikon states that it has moved for reconsideration of the State Court's Order on Patriot's motion for summary judgment. (Id.). Thus, the State Court's Order is not sufficiently final to be given preclusive effect in this action. See Jarosz v. Palmer, 436 Mass. 526, 533-34, 766 N.E. 2d 482, 489-90 (2002) (explaining that finality requires that earlier decision be subject to appellate review or was in fact reviewed).

Furthermore, it appears that Spark cannot satisfy the first element of the test for claim preclusion, which requires that there be an identity or privity of the parties to the present and prior actions. Patriot is not a party to the instant litigation, and Spark has not presented any evidence showing that there is privity between Spark and Patriot for purposes of claim preclusion. In fact, in its Order on Patriot's motion for summary judgment, the State Court found that although Patriot had entered into an Agent

10

Agreement with Spark, Patriot was acting as an "'Independent Agent' without any authority, express, implied, or apparent, to make any warranties or representations on behalf of, or in the name of, [Spark] or to enter into contracts or to create obligations binding on [Spark]." (Order at 2 (alterations in original; internal quotations omitted)). Therefore, even if the summary judgment for Patriot had constituted a final judgment on the merits, Spark would not be able to show that it precludes any of Toxikon's claims in this action.

### III. CONCLUSION

For all the reasons described above, Spark has not demonstrated that Toxikon has failed to satisfy the pleading requirements of Fed. R. Civ. P. 9(b) or that the defendant's proposed amendments to its Answer are futile. Therefore, the "Defendant's Second Motion to Amend Answer" (Docket No. 58) is ALLOWED.

                                              / s / Judith Gail Dein  
                                              Judith Gail Dein  
                                              United States Magistrate Judge